# UNITED STATES

## *v.*

# PEDRO ROCHE.

San Juan, Criminal, No. 1185.

### NEW TRIAL.

New Trial—Evidence.

1. Matters going to the credibility of the evidence are exclusively for the jury.

Evidence—Previous Offenses.

2. Previous losses of letters may be given in evidence on an indictment for robbing the mails, as showing why a decoy letter, which is in evidence, was sent.

United States v. Roche.

Criminal Cases—Assignment of Counsel.

       3. The law does not require the assignment of counsel for pris-oners, but. where apparently necessary or where desired, they will be assigned so far as possible.

Opinion filed January 5, 1920.

---

*Mr. M. M. Martin,* District Attorney, for the government.

*Mr. H. R. Francis* for defendant.

HAMILTON, Judge, delivered the following opinion::

After losses of letters at Fortuna postoffice the postal authori-ties sent a decoy letter from Ponce which would pass through Fortuna. As a result the marked bills which were in the letter were found in the drawer of a piece of furniture belonging to defendant, who was postal clerk. There was some evidence also of a confession. The defendant is an intelligent young man, very voluble, who said nothing. about wanting counsel, but to whom counsel was assigned the day of the trial. The de-fense set up was that a woman living with the defendant had .from jealousy opened the letter and placed the money where it would incriminate the defendant himself. There is no evidence of this except his surmise. The jury found the defendant guilty, with recommendation to clemency.

1. The unsatisfactory nature of circumstantial evidence and counsel's disbelief of some of the evidence have been earnestly brought to the court's attention as a ground for a new trial. These matters, however, go to the credibility of the evidence and are for the jury. The jury evidently took them into ac-

United States v. Roche.

count, and there does not seem to be any glaring inconsistency between the verdict of the jury and the facts as presented on the trial. Indeed the defendant's trying to throw the blame upon a woman whom he had himself wronged not only tends to make his evidence unworthy of belief, but reflects upon him in every way.

2. It is urged that the court erred in permitting the post-office inspector to testify that there had been previous losses of letters at the Fortuna postoffice, inasmuch as this might tend to prejudice the jury against the defendant. There was no intimation that the previous losses had been due to this defendant, and it is difficult to see how the sending of a decoy letter could be justified by the authorities unless there was evidence of previous losses of mail. Evidence of this kind is frequently looked upon with disfavor by juries, and since it had to be shown that a decoy letter was sent, all the circumstances connected with the sending should be set out in order that the jury might understand the whole situation. Otherwise it would seem that a trap was being laid without any justification, and the government's case impaired accordingly. The reason for sending the decoy letter was part of the res gestæ of sending the letter itself. There was no error in admitting the evidence.

3. A more difficult question is connected with the matter of assignment of counsel. It has long been the rule in Anglo-Saxon courts that a defendant may be represented by counsel, but this has not gone to the extent, certainly in the Federal courts, of the appointment of an official defender of poor prisoners. In the state courts frequently pauper cases are assigned to different members of the bar, generally young lawyers who take them for the practice they get, and theoretically at least it is

United States v. Roche.

regarded as a duty imposed by the court and which one cannot decline. Something analogous has prevailed in the Federal court in Porto Rico, but the bar not being a large one, and there being no general day for arraignment on account of the continuous session of the grand jury, there has been no general assignment of counsel to prisoners. The practice has always been if a prisoner asks for counsel to assign one, and when a case is called for trial and it appears that there is no counsel for the defendant, the court assigns counsel if prisoner desires it and it is practicable to obtain the services of a lawyer. Sometimes the prisoners do not wish counsel. They are frequently good talkers themselves and trust to their own testimony. Indeed something similar has happened in Anglo-Saxon courts, where Horne Tooke's defense of himself is one of the remarkable traditions of the bar. A recess is always taken to allow counsel to confer with the defendant and outline the case. Cases have occurred where an adjournment has been allowed to secure the attendance of necessary witnesses, of course at the expense of the government. In the case at bar such postponement was not asked for, and even on the application for a new trial no new testimony and no application to secure further witness is suggested, except as to an affidavit of a man in jail, and what he would testify is admitted by the district attorney. It occurs to the court that lack of time did not weaken the defense in this case so much as the lack of facts to justify any defense.

A new trial must, therefore, be denied. It is so ordered.